**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br><br>**This Document Relates to: ALL CASES** |

## ORDER

It appearing that the above action merits special attention as complex litigation, the Court makes the following rulings:

1.     **Initial Status Conference.**   Counsel for all parties shall appear for a status conference on **Wednesday, May 31, 2023,** at 1:30 p.m. in Courtroom 6D, Fred D. Thompson United States Courthouse, 719 Church Street, Nashville, TN 37203.

   a.     Attendance.   To facilitate a manageable status conference, parties are excused, and parties with similar interests may agree on a single attorney to act on their joint behalf at the status conference with remaining counsel excused.  For those not attending in person and who do not wish to participate, a live audio only of the proceedings will be available.

   b.     Other Participants.  Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

2.     **Purposes and Agenda**.  The status conference will be held for the purpose of preliminary preparations for the initial case management conference as specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f).  Additionally, by **May 24, 2023**, the parties will advise the Court of the specific person(s) attending for that party.

3. **Preparation for Status Conference.**

a. Procedures for Complex Litigation. Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth and be prepared at the status conference or before to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

b. To the extent possible a party or group of parties are encouraged to submit joint statements on case progression and scheduling as set forth in Fed. R. Civ. P. 16(a), 16(b), 16(c) and 26(f). The joint statement shall include as relevant to a party or parties each of the following in the order below with the following headings:

a) Critical Factual Allegations;

b) Legal Issues;

c) Claims or Defenses;

d) Initial mediation plan, including proposed mediator and timing for mediation;

e) Any other matters that will be helpful to the Court or expedite progression of the case;

f) Procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation;

g) Listing of any pending motions; and

h) Listing of any related pending state or federal cases.

The joint statement shall be filed on or before **May 24, 2023**, in the Master Case but will not be binding, will not waive claims or defenses and may not be offered into evidence against a party in later proceedings.

4. **Interim Measures.**

a. Pleadings. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the status conference.

b. Pending and New Discovery. Pending the status conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery, if any, shall be initiated. This does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to conduct a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, or responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.

c. Preservation of Records. Pending further Court action, the parties shall preserve all documents, data, and tangible things reasonably anticipated to be the subject of discovery.

d. Motions. No motion shall be filed under Federal Rule of Civil Procedure 12 or 56 pending further action by the Court.

5. **Later Filed Cases**. This Order shall apply to related cases later filed in, removed to, or transferred to this Court.

6. **Applications for Lead and Liaison Counsel Appointments.** The Court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' and defendants' liaison counsel(s). The Court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) demonstrated ability to work cooperatively, professionally, and respectfully with others; (2) professional experience in

3

this type of litigation; (3) willingness and ability to commit to a time-consuming process; and (4) access to sufficient resources to advance the litigation in a timely manner. To the extent a group of parties wish to propose a person or persons, they may do so under seal with a short summary of the nominees' qualifications in relation to the above factors.

7.    The Court encourages all counsel of record to familiarize themselves and follow the Practice and Procedures Notice filed in the Master Case and each Member Case, and published on the Court's website for this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE